UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFERY LEE TAULBEE and | ) | |
| IDA MAE TAULBEE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | Civil Action No. 5: 20-162-DCR |
| | ) | (Bankruptcy No. 15-52073) |
| C. DARLENE JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| BEVERLY M. BURDEN, CHAPTER | ) | |
| 13 TRUSTEE, et al., | ) | |
| | ) | |
| Appellees. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Appellant Darlene Johnson is an attorney, formerly engaged in representing clients before the United States Bankruptcy Court for the Eastern District of Kentucky.  Two such clients were Jeffery and Ida Taulbee, whom Johnson represented in a Chapter 13 bankruptcy. The bankruptcy court found that, in the course of the proceeding, Johnson made "multiple substantive and procedural errors as counsel" and "multiple intentional misrepresentations to the Court."  [ECF No. 175, at p. 20][1]  And the bankruptcy court found that this misconduct "was not reasonable under the circumstances."  [*Id.*]  The bankruptcy court's findings were

---

[1]   References to the bankruptcy court record will be referenced as "[ECF No.]". References to docket entries in this Court will be referenced as "[Record No.]".

accompanied by sanctions: a permanent prohibition on practice before the United States Bankruptcy Court of the Eastern District of Kentucky (with reciprocal sanctions recommended) and a permanent injunction on participation in bankruptcy cases. [*Id.* at 20–21]

Johnson filed this appeal from the bankruptcy court's judgment and a previous order holding her in contempt of court. [Record No. 1] This Court has jurisdiction to hear Johnson's appeal. 28 U.S.C. § 158(a)(1). The parties have fully briefed the matter and the Court finds that its decision would not be "significantly aided" by oral argument. Fed. R. Bankr. P. 8019(b)(3). Having considered the parties' respective positions, the bankruptcy court's contempt finding will be affirmed; however, its imposition of sanctions will be reversed. The matter will be remanded for further consideration consistent with this opinion.

## I.

The imposed sanctions arise from Johnson's representation of the Taulbees in a chapter 13 bankruptcy proceeding. When the Taulbees became unable to make plan payments in fall 2018, Johnson offered to convert their case to a chapter 7 case for a $500.00 fee. [ECF No. 156, at p. 1] The Taulbees paid Johnson the fee, but their case was never converted. [ECF No. 175, at p. 2] The trustee, Appellee Beverly Burden, moved to dismiss the Taulbees' case due to their failure to make payments. [ECF No. 51] Johnson and Burden reached an agreement that resolved the motion to dismiss by giving the Taulbees' ninety days to make any late payments and placing them on a one-year probation period. [ECF No. 53] Johnson made this agreement despite her knowledge that the Taulbees were unable to make any payments. [ECF No. 175, at p. 2]

When the Taulbees failed to make the required payments, the bankruptcy court dismissed their case on January 29, 2019.  [ECF No. 59]  It was closed on April 3, 2019.  [ECF No. 66]  Johnson filed a motion to reopen the Taulbees' case to convert it, and paid the required filing fee, but took no further action.  [ECF Nos. 67 and 73–75]  The case was again closed on June 3, 2019.  [ECF No. 76]  Johnson then made a second motion to reopen the case on August 30, 2019.  However, because the required fee was not paid, the motion was denied.  [ECF Nos. 77 and 78]  During the course of these proceedings, Johnson agreed to retire from bankruptcy practice pursuant to an order in another case.  *In re Bellamy*, Case No. 14-51404, ECF No. 78 (July 22, 2019).  The agreed order arose out of a motion for sanctions in the *Bellamy* case.  *Id.* Her retirement was set to begin in August 2019.  [ECF No. 156, at p. 3]

Ida Taulbee visited Johnson in August 2019, before the second motion to reopen was filed, and again after it was denied.  [*Id.* at 4]  Taulbee claims Johnson informed her of her retirement in October 2019, but Johnson claimed Taulbee was aware of her plans in August 2019.  [*Id.*]  Regardless, the conversion fee was not refunded, and the Taulbees were not transitioned to another attorney.  Johnson assisted the Taulbees with a third motion to reopen filed with the bankruptcy court.  [ECF No. 81]  The filing was deemed deficient, but Johnson was unaware of the court's determination because she had stopped checking her CM/ECF-registered e-mail address.  [ECF Nos. 82 and 188]  And when Ida Taulbee contacted Johnson for assistance, she gave her two draft motions, which were never filed.  [ECF No. 156, at pp. 7–8]  Taulbee alleges the motions were intended to be filed, while Johnson alleges they were merely templates.  [*Id.*]

Because the deficiency was never addressed, the bankruptcy court issued an order directing Johnson to "show cause why sanctions should not issue for counsel's failure to timely correct the deficiency" and setting a hearing for November 7, 2019.  [ECF No. 85]  Burden moved to reopen the case on October 25, 2019, and paid the required filing fee.  [ECF No. 87] Johnson, however, did not appear at the scheduled hearing, and the Taulbees went unrepresented.  Johnson's attorney, Cary B. Howard, Jr., appeared on her behalf, explaining that Johnson could not appear due to conflicting hearings in the Perry County Circuit Court. [ECF No. 189, at p. 5–6]

Due to her failure to appear, the bankruptcy court held Johnson in contempt and imposed civil contempt sanctions on November 12, 2019.  [ECF No. 104]  The bankruptcy court instructed Johnson to respond and set another show cause hearing, warning of further monetary sanctions.  [*Id.*]  Johnson's responded, explaining that she was unable to appear due to a conflict in the Perry County Circuit Court and added that her failures in the Taulbee case stemmed from issues in her personal life.  [ECF No. 120]  Following the hearing, the bankruptcy court directed Johnson to reimburse Burden for the reopening fee and scheduled an evidentiary hearing.  [ECF No. 129]  After considerable delay, Johnson reimbursed Burden in January 2020.  [ECF No. 162]

The parties stipulated to a number of facts prior to the evidentiary hearing.  [ECF No. 156]  The bankruptcy court heard additional evidence and requested Johnson's attorney and Burden to recommend appropriate consequences.  [ECF No. 188]  The facts above were confirmed at the hearing, with one notable exception.  After Johnson testified that her failure to appear was due to a calendar error, the bankruptcy court found that Johnson had

-4-

misrepresented to the bankruptcy court, on multiple occasions, that she was in Perry County Circuit Court on November 7, 2019, when she was not.  [ECF No. 175 at pp. 11–13]  The bankruptcy court's order imposing sanctions issued on April 2, 2020.  [ECF No. 175]  This timely appeal followed.  [Record No. 1]

## II.

Johnson challenges two actions taken by the bankruptcy court: (1) its November 12, 2019, order holding her in contempt of court for failing to appear at a hearing; and (2) its April 2, 2020, order permanently disbarring her from practice before the bankruptcy court and recommending reciprocal sanctions.  Her appeals raise unique issues that will be considered separately.

This Court reviews a bankruptcy court's findings of fact under the clearly erroneous standard.  *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007).  Absent the "most cogent evidence of mistake or miscarriage of justice," a finding of fact will not be disturbed.  *In re Edward M. Johnson Assoc., Inc.* 845 F.2d 1395, 1401 (6th Cir. 1988) (internal quotations omitted).  As the bankruptcy court committed no such error, the findings of the bankruptcy court will be accepted.

Questions of law are reviewed *de novo* on appeal.  *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004).  That includes "whether a bankruptcy court has committed a due process violation."  *In re Haffey*, 576 B.R. 540, 543 (B.A.P. 6th Cir. 2017) (citations omitted).  And the imposition of sanctions is reviewed for abuse of discretion, which "occurs where the reviewing court has 'a definite and firm conviction that the court below committed a clear error

of judgment.'" *In re Wingerter*, 594 F.3d 931, 936 (6th Cir. 2010) (quoting *In re Waterman & Assocs., Inc.*, 227 F.3d 604, 607–08 (6th Cir. 2000)).

### III.

#### A.  The November 12, 2019, Contempt Order

Johnson argues that the bankruptcy court abused its discretion in holding her in contempt.  [Record No. 4 at pp. 38–40]  Her main dispute is factual, as she attempts to explain her failure to appear at the November 7, 2019, hearing.  But the bankruptcy court based its decision to hold Johnson in contempt on what it found to be a "disingenuous" explanation for her failure to appear and her "cavalier attitude."  [ECF Record No. 104, at pp. 6–7]  These findings were not clearly erroneous, and the bankruptcy court did not abuse its discretion in holding Johnson in contempt to encourage future compliance with its orders.  Accordingly, this order will be affirmed.

#### B.  The April 2, 2020, Disbarment Order

Johnson also challenges the bankruptcy court's decision to "permanently prohibit[]" her from practice in the bankruptcy court, recommend reciprocal sanctions, and "permanently enjoin[]" her from participation in bankruptcy cases.  [ECF No. 175 at pp. 20–21]  Her arguments focus on whether the bankruptcy court was correct to disbar her.  [Record No. 4, at pp. 29–38]  She also raises a due process challenge to the sanctions imposed.  [*Id.* at pp. 27–29]

Disbarment is "very serious business."[2]   *Theard v. United States*, 354 U.S. 278, 282 (1957); *see also In re Medrano*, 856 F.2d 101, 102 (5th Cir. 1992) (labeling disbarment as an "extreme sanction").   Federal courts, including bankruptcy courts, have the "inherent authority to suspend or disbar lawyers."   *In re Snyder*, 472 U.S. 634, 643 (1995).   When a court decides to take this rare step, it "involves 'adversary proceedings of a quasi-criminal nature.'"   *In re Cook*, 551 F.3d 542, 549 (6th Cir. 2009) (quoting *In re Ruffalo*, 390 U.S. 544, 551 (1968)). Before being disbarred, attorneys are entitled to procedural due process rights.   *Id.*

Courts have recognized two key due process requirements in disbarment proceedings. First, the attorney must be given "fair notice of the charge."   *Id.* (quoting *In re Ruffalo*, 390 U.S. at 550).   Fair notice includes "the statutory, rule and ethical violations implicated by the alleged conduct, and the possible sanctions that could be imposed . . . if the . . . allegations proved to be true."   *In re Dobbs*, 535 B.R. 675, 681 (Bankr. N.D. Miss. 2015).   Second, "courts must provide 'ample opportunity . . . to show cause why an accused practitioner should not be disbarred.'"   *Id.* (quoting *Theard*, 354 U.S. at 282); *see also In re Baumgartner*, 123 F. App'x 200, 202–03 (6th Cir. 2005).   The proceedings below fell short of both requirements.   Johnson did not have fair notice of the specific charges against her, or that they could lead to disbarment.   While Johnson had the opportunity to show cause why she should not be sanctioned, without knowledge that disbarment was a possible sanction, she lacked the

---

[2]     Recommendations for reciprocal sanctions have further, serious consequences.   *See, e.g.*, April 9, 2020, Order, *In re Charlotte Darlene Johnson* (disbarring Johnson from practice in the United States District Court for the Eastern District of Kentucky, consistent with the bankruptcy court's order).

opportunity to show cause why she should not be disbarred.  Accordingly, the bankruptcy court did not satisfy Johnson's procedural due process rights.

First, Johnson was not given fair notice of the charges against her.  The bankruptcy court made clear that sanctions may be imposed for her mishandling of the Taulbees' bankruptcy proceedings and for her failure to comply with court orders.  [ECF Nos. 85 and 104]  But the alleged statutory, rule, and ethical violations were not mentioned until the bankruptcy court's order imposing sanctions.  [ECF No. 175]  The bankruptcy court's failure to identify Johnson's specific violations, beyond general accusations of misconduct, amounts to amending the charges "on the basis of testimony of the accused," which was explicitly disapproved of in *Ruffalo*.  390 U.S. at 551.

The notice was further weakened by the bankruptcy court's failure to notify her that disbarment was a possible sanction.  In its November 12, 2019, Show Cause Order, the bankruptcy court stated: "Counsel should be aware that the Court will consider *per diem* fines or other coercive monetary sanctions to ensure compliance with orders of this Court."  [ECF No. 104, at p. 6]  This statement suggests that monetary sanctions were the most severe options the bankruptcy court would consider, not that the far more severe sanction of disbarment was possible.  The lack of clarity was compounded by the fact that the Taulbees and Burden did not request any sanctions—the bankruptcy court entered its show cause order *sua sponte*.  The result was that until Johnson read the bankruptcy court's April 2, 2020, Order, she would not have thought that disbarment was a possible sanction.

Second, Johnson did not have an opportunity to show why she should not be disbarred. This lack of opportunity stems from the bankruptcy court's failure to notify Johnson that

disbarment was under consideration, as explained above. The parties' behavior at the evidentiary hearing underscores the lack of opportunity. When asked by the bankruptcy court what relief was appropriate, Appellee Burden asked for "a very clear order that she is retired from bankruptcy practice" and "is not involved in the practice of bankruptcy law in any way, shape or form." [ECF No. 188, at p. 134] Johnson's attorney agreed, asking for a clear order regarding actions Johnson would be permitted to take related to bankruptcy proceedings. [*Id.* at p. 138] These arguments represent eight pages of a 139-page transcript, and neither the bankruptcy court nor the parties discussed disbarment. Were she aware that disbarment was on the table, Johnson or her counsel presumably could have offered *some* argument in response. This record leads the undersigned to conclude that "ample opportunity" to challenge disbarment was not provided. *In re Cook*, 551 F.3d at 549 (internal quotation omitted).

Appellee Burden argues that Johnson received due process because she was aware that the bankruptcy court was concerned with her conduct and had the opportunity to show why sanctions should not be imposed. [Record No. 7 at pp. 15–18] While Burden is correct that Johnson knew some sanction was likely, her brief does not address the key elements missing in the bankruptcy court's proceedings: adequate notice of the specific violations Johnson committed and of the potential for disbarment.

On remand, this Court offers a single direction: before Johnson can be disbarred, the bankruptcy court must notify her of the charges against her and afford her the opportunity to show cause why she should not be disbarred. This opinion does not: (1) alter the agreed-upon practice restrictions in the *Bellamy* Order; (2) call into question the bankruptcy court's finding that Johnson committed serious misconduct; (3) limit the bankruptcy court's authority to disbar

an attorney after appropriate notice and opportunity; or (4) answer whether disbarment was an appropriate sanction based on Johnson's misconduct.  But her arguments on appeal—that disbarment is an inappropriate sanction under the relevant rules—should first be considered by the bankruptcy court.  *See In re Ruffalo*, 390 U.S. at 551 ("How the charge would have been met had it been originally included in those leveled against [Appellant] . . . no one knows.").

## IV.

Accordingly, it is hereby

**ORDERED** as follows:

1.      The Bankruptcy Court's November 19, 2020, Order imposing civil contempt sanctions [ECF No. 104] is **AFFIRMED**.

2.      The Bankruptcy Court's Order imposing sanctions [ECF No. 175] is **REVERSED**.

3.      The matter is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Kentucky for further proceedings consistent with this Memorandum Opinion and Order.

Dated: September 14, 2020.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky